UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHAD HARDY, | ) |
| *Petitioner*, | ) ) ) |
| v. | ) No. 1:22-CV-02978 ) |
| DANIEL MONTI, Warden, Centralia Correctional Center, | ) Judge Edmond E. Chang ) ) |
| *Respondent*. | ) ) |

**MEMORANDUM OPINION & ORDER**

Petitioner Chad Hardy is incarcerated at Centralia Correctional Center in Centralia, Illinois, in the custody of Respondent Warden Daniel Monti. Hardy filed a petition for writ of habeas corpus, challenging his state conviction for sexual assault. 28 U.S.C. § 2254. R. 1, 8. The State moves to dismiss the petition as untimely. R. 21. For the reasons explained in this Opinion, the State's motion is granted.

**Background**

In December 2007, Hardy was arrested and charged with committing predatory criminal sexual assault against his 12-year-old daughter. R. 23-1 at 1; R. 23-9; *People v. Hardy*, 2012 WL 6943912 (Ill. App. Ct. Mar. 29, 2012). After Hardy confessed, a grand jury indicted him on six counts of predatory criminal sexual assault, 12 counts of criminal sexual assault, and three counts of aggravated criminal sexual abuse. R. 23-1 at 1–2. Hardy requested a plea conference between his attorney, the prosecutor, and the trial court pursuant to Illinois Supreme Court Rule 402. *Id.* at 2; R. 23-2 at 2. The trial court explained to Hardy what the conference would cover and

1

advised Hardy that Hardy had no obligation to plead guilty. R. 23-1 at 2; R. 23-2 at 2. In October 2009, Hardy entered a blind guilty plea (that is, a plea without an agreement with the government) on three counts of predatory criminal sexual. R. 23-1 at 2; R. 23-2 at 2. He received a sentence of 30 years' imprisonment followed by mandatory supervised release of three years to life. R. 23-2 at 2–3.

After the sentencing, Hardy moved *pro se* to withdraw the guilty plea, but the trial court denied the motion. R. 23-1 at 2. On direct review, the appellate court reversed that denial because Hardy's attorney had not filed a required certificate. *Id.* at 3–6. Illinois Supreme Court Rule 604(d) requires that defense counsel file a certificate stating that counsel has conferred with the defendant about contentions of error, but no certificate was filed; plus, the trial court also did not ask Hardy whether he wanted the assistance of counsel before the court ruled on the withdrawal motion. *Id.* at 3–6.[1] On remand, the trial court appointed counsel, who filed a new motion to withdraw the guilty plea. R. 23-2 at 3. This time, the motion argued that Hardy's prior counsel was ineffective in (1) advising Hardy to enter the blind guilty plea; and (2) failing to show Hardy all of the discovery, including exculpatory DNA evidence.

---

[1]At the time, Rule 604(d) instructed (in pertinent part):

> The Defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings.

R. 23-1 at 5 (quoting Ill. Sup. Ct. R. 604(d) (eff. July 1, 2006)). The same Rule required the trial court, following a defendant's *pro se* post-plea motion, to "determine whether the defendant is represented by counsel, and if the defendant is indigent and requires counsel, [to] appoint counsel." *Id.* (quoting Ill. Sup. Ct. R. 604(d)).

*Id.* at 3. The trial court denied the motion, and the appellate court affirmed. *Id.* at 4–6. On September 28, 2016, the Illinois Supreme Court denied Hardy's direct petition for leave to appeal. R. 23-5; *People v. Hardy*, 60 N.E.3d 877 (Ill. 2016). Hardy did not petition the United States Supreme Court for a writ of certiorari. R. 21 at 3.

During the post-plea proceedings, in January 2012, Hardy petitioned the trial court for relief from judgment under 735 ILCS 5/2-1401. R. 23-10. Hardy's arguments included that the State had "filed a complaint deceitfully" and withheld evidence, resulting in a "fraudulent and malicious prosecution." *Id.* at 3–4. On April 27, 2012, the trial court denied Hardy's motion for substitution of the presiding judge. R. 25 at 7–11. The trial court then dismissed Hardy's petition, and the appellate court affirmed the dismissal. R. 23-3 at 1–2. The Illinois Supreme Court denied leave to appeal in November 2013. R. 23-6; *People v. Hardy*, 2 N.E.3d 1048 (Ill. 2013).

In September 2019, Hardy filed a state habeas petition under 735 ILCS 5/10-101, *et seq.*, raising constitutional and jurisdictional challenges. R. 23-8; R. 23-4; *Hardy v. Fatheree*, 2021 WL 5289426, at *1 (Ill. App. Ct. Nov. 12, 2021). Among other claims, he alleged that his counsel and the prosecution withheld exculpatory DNA evidence and that the prosecution filed a forged criminal complaint against him. *Id.* at 2, 5. The trial court dismissed Hardy's habeas petition, and the appellate court affirmed the dismissal. R. 23-4 at 1. On May 25, 2022, the Illinois Supreme Court denied Hardy's petition for leave to appeal. R. 23-7; *Hardy v. Fatheree*, 193 N.E.3d 28 (Ill. 2022).

On June 7, 2022, Hardy filed this *pro se* federal habeas petition under 28 U.S.C. § 2254. R. 1. The State now moves to dismiss on timeliness grounds. R. 21.

## Analysis

Hardy challenges his conviction on four grounds: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) judicial bias by the trial court; and (4) denial of due process. R. 1 at 5–6, 8–16. The State argues that the petition is untimely. R. 21 at 4–7. The Court agrees.

The expiration of the statute of limitations is an affirmative defense, which the State has the burden of proving. *Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012) (citing *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004)). Under 28 U.S.C. § 2244(d)(1), § 2254 petitions are subject to a one-year statute of limitations. The limitations period begins to run on the latest of four dates—two of which are relevant in this case: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;" or "(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1); *Taylor v. Michael*, 724 F.3d 806, 809 n.3 (7th Cir. 2013).[2] Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

---

[2] Hardy does not assert any state-created impediment to filing his petition or a newly recognized, retroactive constitutional right. *See* 28 U.S.C. §§ 2244(d)(1)(B)–(C).

4

Hardy's conviction became final for limitations purposes on December 28, 2016, which was 90 days after the Illinois Supreme Court denied his petition for leave to appeal during the direct-appeal proceedings (the 90-day add-on period accounts for the time for petitioning the United States Supreme Court for a writ of certiorari). *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Sup. Ct. R. 13. So Hardy's federal petition was due by December 28, 2017, the latest available date under § 2244(d)(1). Hardy did not file his petition in this Court until June 7, 2022, more than four years after the statute of limitations expired.

Although Hardy did file State post-conviction motions, it turns out that Section 2244(d)(2)'s tolling provision for that type of motion does not render the federal petition timely. First, Hardy's 2012 postconviction petition in the state court did not stop the clock, because the resulting proceedings—before the direct appeal was litigated—actually concluded in 2013, which was three years before the conviction became final under § 2244(d)(1)(A). *See, e.g.*, *U.S. ex rel. Laughlin v. Gaetz*, 2011 WL 336143, at *3 (N.D. Ill. Jan. 31, 2011) ("Petitioner's first postconviction petition had no tolling effect because Petitioner stopped litigating the petition before his conviction became final."). Nor did Hardy's 2019 state habeas petition toll the one-year statute of limitations. Section 2244(d)(2) may "*exclude* particular time from the year," but it does "not *restart* that year." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (emphases in original). Thus, "a state proceeding that does not begin until after the federal year has expired is irrelevant." *Id.* Here, the one-year time period expired long before the 2019 petition was even filed.

5

In responding to the State's motion to dismiss, Hardy's sole argument is that the claim of judicial bias is timely under § 2244(d)(1)(D); he does not present an argument on the other claims in the petition. R. 25 at 1–4. On the judicial-bias claim, the state trial court denied, on April 27, 2012, Hardy's motion to substitute the presiding judge, and Hardy argues that the denial of the motion reflected bias against him. *Id.* at 1–4, 7–11. Hardy insists that he could not have discovered the basis for the judicial-bias claim until 2019, when he "stumbled across the issue" while helping another inmate conduct legal research. *Id.* at 1–2. The problem with that proffered excuse is that Section 2244(d)(1)(D) is only triggered when a petitioner could have discovered a claim's "*factual* predicate," § 2244(d)(1)(D) (emphasis added), through due diligence—not upon "recognition of the facts' *legal* significance," *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (emphasis added). Hardy does not suggest that he learned, after the April 2012 decision, any new *facts* underlying the bias claim.

On the other claims in the federal petition, it appears from the record—and Hardy makes no argument otherwise—that the facts underlying those other claims were available to Hardy before his conviction became final. Hardy's claims relating to the withholding of DNA evidence depend on reports from 2009, which his counsel shared with him before he pleaded guilty. R. 23-2 at 3–4; R. 23-10 at 15–19. Hardy moved the state court for relief based on the same facts in 2012. R. 23-2 at 3; R. 23-3 at 2). Similarly, Hardy had access to the purportedly forged criminal complaint at the time of its filing in 2007. R. 23-10 at 22. Hardy's claim—that a detective, rather than a witness, signed the complaint outside the presence of a judge or clerk—does not

6

depend on any facts beyond the complaint itself. *See* R. 1 at 10. Indeed, Hardy also brought the same claim in state court in 2012. R. 23-3 at 2. So none of the claims enjoy any kind of tolling. Hardy's petition is untimely.

## Conclusion

The Court grants the State's motion to dismiss Hardy's habeas petition [21] as time-barred under 28 U.S.C. § 2244(d). The petition [1, 8] is dismissed as untimely and final judgment shall be entered.

The Court also will not issue a certificate of appealability. In order to appeal a denial of a habeas petition, a petitioner must first obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *Jennings v. Stephens*, 574 U.S. 271, 275 (2015). A certificate may issue only when the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Jennings*, 574 U.S. at 282. The "standard is met when reasonable jurists could debate whether ... the petition should have been resolved in a different manner." *Welch v. United States*, 578 U.S. 120, 127 (2016) (cleaned up). Here, for the reasons explained in the Opinion, Hardy has not made that showing. The petition is clearly untimely and no tolling provision comes close to applying. No certificate of appealability shall issue from this Court.

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: May 2, 2023